UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-80192-Cr-Rosenberg/Reinhart

UNITED STATES OF AMERICA,

v.

NATHANIEL KNOWLES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from U.S. District Judge Robin L. Rosenberg and the consent of the parties for a U.S. Magistrate Judge to accept a guilty by Defendant Nathaniel Knowles.  The Court held a change of plea hearing on November 19, 2021, which was attended by Defendant, his counsel Anne McPartland-Lyons, and Assistant U.S. Attorney Robin Waugh.  The Court also made a finding that the plea hearing could not be further delayed without serious harm to the interests of justice, so video teleconferencing was appropriate given the consent of the defendant after consultation with counsel.  The Court hereby advises as follows:

    1.    The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case.  The Court further advised Defendant that a U.S. Magistrate Judge was conducting the change of plea hearing by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case.  The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings

and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

2. The Court advised Defendant that he did not have to permit the undersigned to conduct this hearing and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. A written plea agreement has been entered into by the parties in this case. Both Defense counsel and the Government signed the document. This Court reviewed the plea agreement with the Defendant. This Court also made certain that Defendant was aware of any minimum mandatory and maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

5. Defendant acknowledged that he was fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. Defendant pled guilty to Counts 1 and 2 of the Superseding Indictment. Count 1 charges the defendant with conspiracy to import into the United States from a place outside thereof five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(1)(B), all in violation of Title 21 United States Code, Sections 960(b)(1)(B) and 963. Count 2 charges the defendant with knowing and intentional attempt to

import into the United States from a place outside thereof five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(1)(B), all in violation of Title 21 United States Code, Sections 960(b)(1)(B) and 963.

7. The Court reviewed the appeal waiver with the Defendant and found that the Defendant knowingly, voluntarily, and intelligently entered a waiver of his appellate rights.

8. The parties submitted a Stipulated Factual Proffer Supporting the Guilty Plea, made part of the record. Both Defense counsel and the Government signed the document. This factual proffer includes all of the essential elements of the offenses to which Defendant pled guilty. The Government orally summarized the factual basis for the plea on the record, including the essential elements of each offense. Defendant acknowledged that that all the statements contained therein are true.

9. The defendant acknowledged that he authorized counsel to sign the plea agreement and factual proffer only after counsel had reviewed them fully with the defendant.

10. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report. Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned.

RECOMMENDS that Defendant, NATHANIEL KNOWLES, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Counts 1 and 2 of the Superseding Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offenses, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file any written objections with U.S. District Judge Robin L. Rosenberg. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. *See Resolution Tr. Corp. v. Hallmark Builders. Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (I.O.P.-3).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 30th day of November 2021.

BRUCE E. REINHART
U.S. MAGISTRATE JUDGE